UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
KATRINA AIRD, on behalf of herself and all other persons similarly situated,

Plaintiff,

-against-

T.K. CANZ CORP., WESTBURYCANZ CORP., W-CANZ CORP., PERFETTA CORP., PAUL PASTIER, and VICTORIA LINSCOTT,

Defendants.
---------------------------------------------------------------------X

**CLASS ACTION** **<u>COMPLAINT</u>**

*Jury Trial Demanded*

Plaintiff, KATRINA AIRD ("Plaintiff"), on behalf of herself and all other persons similarly situated, by and through her attorneys, the Romero Law Group PLLC, complaining of the Defendants, T.K. CANZ CORP., WESTBURYCANZ CORP., W-CANZ CORP., PERFETTA CORP., PAUL PASTIER, and VICTORIA LINSCOTT ("Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff, a Black, African-American, brings this action against Defendants to remedy discrimination in employment based on race in violation of Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981") and the New York State Human Rights Law, N.Y. Executive Law § 290 et seq. (hereinafter ("NYSHRL"). Plaintiff seeks injunctive and declaratory relief, compensatory damages, punitive damages, attorneys' fees and other appropriate relief.

2. Plaintiff also brings this action on behalf of herself and all other persons similarly situated pursuant to Rule 23 of the Rules of Civil Procedure to recover unpaid minimum wages, overtime wages and spread-of-hours pay, liquidated damages, interest, and reasonable attorney's

fees and costs under New York Labor Law Section 198(1-a), and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 146 ("NYLL").

## JURISDICTION AND VENUE

3. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

5. At all relevant times, Defendant, T.K. Canz Corp., was and is a domestic business corporation that owns and operates a restaurant doing business as Canz Bar and Grill of Bohemia, located at 4780 Sunrise Highway, Bohemia, New York 11716.

6. At all relevant times, Defendant, Westburycanz Corp., was and is a domestic business corporation that owns and operates a restaurant doing business as Canz Bar and Grill of Westbury, located at 1610 Old Country Road, Westbury, New York 11590.

7. At all relevant times, Defendant, W-Canz Corp., was and is a domestic business corporation that owns and operates a restaurant doing business as Canz Bar and Grill of Westbury, located at 1610 Old Country Road, Westbury, New York 11590.

8. At all relevant times, Defendant, Perfetta Corp., was and is a domestic business corporation that owns and operates a restaurant doing business as Canz Bar and Grill of Long Beach, located at 777 West Beech Street, Long Beach, New York 11561.

9. At all times relevant, Defendant, Paul Pastier, was a shareholder and/or officer of the corporate defendant, as well as a manager for the corporate defendant, was active in the day-

to-day management of the corporate defendant, including being responsible for the payment of Plaintiff's wages, determining what wages were paid to Plaintiff, had the power to hire, fire and discipline employees, had authority to make all personnel decisions, was responsible for maintaining personnel records relating to Plaintiff's employment, and is liable to Plaintiff as an "employer."

10. At all times relevant, Defendant, Victoria Linscott, was a shareholder and/or officer of the corporate defendant, as well as a manager for the corporate defendant, was active in the day-to-day management of the corporate defendant, including being responsible for the payment of Plaintiff's wages, determining what wages were paid to Plaintiff, had the power to hire, fire and discipline employees, had authority to make all personnel decisions, was responsible for maintaining personnel records relating to Plaintiff's employment, and is liable to Plaintiff as an "employer."

**RULE 23 CLASS ACTION ALLEGATIONS**
**NEW YORK STATE LABOR LAW**

11. Plaintiff brings NYLL claims on behalf of herself and a class of persons under F.R.C.P. Rule 23 consisting of all persons who are currently, or have been, employed by the Defendants in tipped positions including bartenders, servers and bussers at any time during the six (6) years prior to the filing of this Complaint (hereinafter referred to as the "Class" or the "Class Members").

12. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendant. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses

are readily available from Defendant. Notice can be provided by means permissible under F.R.C.P. Rule 23.

13. The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, upon information and belief there are over forty (40) individuals who are currently, or have been, employed by the Defendants in hourly-paid tipped positions at any time during the six (6) years prior to the filing of the Complaint.

14. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including, but not limited to, whether Defendants paid class members at a reduced tipped rate; whether Defendants provided written notice that they were taking a tip credit toward the statutory minimum wage; whether Defendants unlawfully retained tips and gratuities; whether Defendants were entitled to take a tip credit toward the statutory minimum wage; whether class members worked a day that exceeded 10 hours from start to finish; whether Defendants failed and/or refused to pay the Plaintiff and Class Members spread-of-hours pay when they worked more than ten hours in a single workday; whether Defendant's failure to pay spread-of-hours pay was done in good faith; whether Defendants failed to pay premium overtime pay at the rate of one and one-half times the regular rate of pay for all hours worked in excess of 40 hours per workweek; whether Defendants' failure to pay overtime was done in good faith; and the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

15. Plaintiff's claims are typical of the claims of the Class that she seeks to represent. Defendants paid Plaintiff at a reduced rate that fell below the statutory minimum wage, failed to

pay Plaintiff spread-of-hours pay, failed to pay Plaintiff at least the state minimum wage for all hours worked each workweek, and unlawfully retained Plaintiff's tips. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendants. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiffs and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

16. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

17. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant.

18. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.

19. The members of the Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendants' practices.

20. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

## FACTUAL ALLEGATIONS

***Discrimination Based on Race***

21. On or about August 27, 2024, Plaintiff commenced employment with Defendants as a bartender at their restaurants in Bohemia and Westbury.

22. Plaintiff is a Black, African-American female.

23. Defendants Pastier and Linscott are White.

24. Defendants discriminated against Plaintiff with respect to the terms and conditions of her employment on the basis of race.

25. From the start of her employment until January 2025, Plaintiff worked a shift on Tuesday with another bartender who was White.

26. In January 2025, Defendants took away Plaintiff's Tuesday shift because she was not the "*right fit*," and replaced Plaintiff with another bartender, Christina, who is White.

27. By stripping Plaintiff of her Tuesday shift, Defendants deprived her of wages and income that she other would have otherwise been afforded, but for their preference for White employees to be in customer-facing positions behind the bar.

28. Defendants also subjected Plaintiff to disparate discipline because of her race. Defendants singled Plaintiff out and disciplined her for committing the same infractions that White employees committed with impunity.

29. On February 4, 2026, Defendant Linscott required Plaintiff and her co-worker to close out the cash register, which Plaintiff had not been trained to do. Defendants suspended Plaintiff because they worked past the end of their scheduled shift to complete the task. Defendants only suspended Plaintiff and did not discipline her co-worker, Christine, who is White.

30. Defendants suspended Plaintiff, removed her from the schedule permanently, and terminated her employment.

31. As a direct result of Defendants' discrimination, Plaintiff has suffered the loss of income, termination of employment, emotional pain and suffering, and mental anguish.

***NYLL Wage Violations***

32. Defendants failed to pay Plaintiff and other tipped employees at least the state minimum wage for all hours worked by them each workweek.

33. Defendants took a tip credit deduction for each hour that Plaintiff worked and consequently paid her at a reduced hourly rate of pay below the NYLL minimum wage. Defendants paid Plaintiff $11.15 per hour, a rate that fell below the statutory minimum wage.

34. Defendants failed to provide Plaintiff and other tipped employees at their time of hire with compliant written notice under the NYLL that they were claiming a tip credit toward the statutory minimum wage.

35. On the contrary, Defendants sent an email to Plaintiff and other tipped employees on January 15, 2025, more than four months after Plaintiff began working for Defendants, attaching a wage notice that specifically indicated that no tip credit would be taken.

36. Defendants maintained a tip pool to pay the tipped wages of their employees like Plaintiff who worked as bartenders.

37. Defendant Linscott, who owned and managed Defendants' restaurants, improperly retained and/or received tips from the tip pool.

38. Defendants regularly required Plaintiff and other tipped employes to perform non-tipped duties, including, *inter alia*, cleaning the bar and restaurant, wiping tables and inventory, moving tables and furniture around the restaurant, participating in the set up and preparation of the restaurant for service, and participating in closing procedures for the restaurant. Plaintiff and other tipped employees performed a substantial amount of non-tipped work during their shifts, commonly in excess twenty percent of their time worked during shifts and, therefore, in excess of the amount permitted for a tipped-rate employee by applicable law and regulations. Defendants paid Plaintiff and other tipped employees at a reduced tipped rate of pay for time spent performing non-tipped work.

39. Defendants failed to accurately record the correct amounts of tips received by Plaintiff and other tipped employees each workweek.

40. As a result of the foregoing tip credit violations, Defendants were not entitled to pay Plaintiff and other tipped employees at a reduced tipped rate that was below the statutorily

mandated minimum wage rate under the NYLL. Thus, Defendants paid Plaintiff and other tipped employees at a reduced tipped rate that was below the statutorily mandated minimum wage rate, in violation of the NYLL.

**FIRST CLAIM FOR RELIEF**
**VIOLATION OF SECTION 1981**

41. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

42. Plaintiff was subject to discrimination and harassment because of her race in violation of Section 1981 of the Civil Rights Act of 1866.

43. As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer loss of income, emotional pain and suffering, and mental anguish, and other incidental and consequential damages in an amount to be determined at trial.

44. The conduct described herein was done in conscious disregard of Plaintiff's rights.

**SECOND CLAIM FOR RELIEF**
**NYSHRL DISCRIMINATION**

45. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

46. Plaintiff was subject to discrimination in employment because of her race and color in violation of the NYSHRL.

47. As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer loss of income, emotional pain and suffering, and mental anguish, and other incidental and consequential damages in an amount to be determined at trial.

48. The conduct described herein was done in conscious disregard of Plaintiff's rights.

**THIRD CLAIM FOR RELIEF**
**FAILURE TO PAY MINIMUM WAGES**

49. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

50. Defendants failed to pay Plaintiff and Class Members the applicable minimum wage rates for all hours worked, in violation of the NYLL and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. § 146.

51. Defendants' violations of the NYLL have been willful and intentional.

52. Due to Defendants' violations of the NYLL, Plaintiff and Class Members are entitled to recover from Defendants unpaid minimum wage compensation, attorneys' fees, costs of this action, and interest as permitted by law.

53. Due to Defendants' violations of the NYLL, Plaintiff and Class Members are entitled to recover liquidated damages equal to the amount of these unpaid wages.

**FOURTH CLAIM FOR RELIEF**
**UNLAWFULLY RETAINED TIPS AND GRATUITIES**

54. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

55. Pursuant to NYLL § 196-d, an employer is not permitted to "demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."

56. Plaintiff and Class Members performed work for the benefit of Defendants, at Defendants' behest, for which they received compensation partially through tips and gratuities. However, Defendants retained and/or failed to remit, directly and indirectly, a portion of the tips and gratuities intended for the Plaintiff and Class Members, and they have not been paid those tips

and gratuities as Defendants have unlawfully retained and/or failed to remit those tips and gratuities, in violation of NYLL § 196-d.

57. Defendants' violations of the NYLL have been willful and intentional.

58. Due to Defendants' violations of the NYLL, Plaintiff and Class Members are entitled to their unpaid tips and gratuities, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

## FIFTH CLAIM FOR RELIEF
## VIOLATION OF NEW YORK LABOR LAW § 193

59. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

60. NYLL § 193 prohibits employers from taking any deductions from wages, except as required by law or regulation, or authorized by the employee for the employee's benefit.

61. Based on the forgoing, Defendants engaged in multiple forms of unlawful deductions to Plaintiff's and Class Members' wages, directly and/or by separate transactions, in violation of NYLL § 193 and the supporting New York State Department of Labor Regulations.

62. Thus, Defendants commonly made deductions to Plaintiff's and Class Members' wages, solely for the benefit of the Defendants, without Plaintiff's authorization, and not for the benefit of the Plaintiff, in violation of NYLL § 193 and the supporting New York State Department of Labor Regulations.

63. Defendants' violations of the NYLL have been willful and intentional.

64. Due to Defendants' violations of the NYLL, Plaintiff and Class Members are entitled to damages in an amount to be determined at trial, attorneys' fees, costs of this action, and interest as permitted by law.

**SIXTH CLAIM FOR RELIEF**
**CONVERSION**

65. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

66. Based on the forgoing, Defendants engaged in multiple forms of unlawful conversion of Plaintiff's and Class Members' property, including, but not limited to, failing to remit earned wages or money due to Plaintiff and Class Members.

67. Defendants engaged in this conduct and have retained Plaintiff's and Class Members' earned wages and/or money without Plaintiff's and Class Members' authorization and without Plaintiff's consent.

68. Based on the foregoing, Defendants' conduct – including, not limited to retaining Plaintiff's and Class Members' earned wages and/or money – amounts to nothing less than blatant theft of Plaintiff's and Class Members' earned wages and money.

69. Based on the foregoing, Defendants intentionally and without authority, assumed or exercised control over Plaintiff's and Class Members' personal property, in the form of earned wages and money, that belonged to Plaintiff and Class Members, and that did not belong to Defendants, and interfered with Plaintiff's and Class Members' rights of possession.

70. Based on the foregoing, Defendants intentionally engaged in conversion by taking possession of and/or failing to remit Plaintiff's and Class Members' property in the form of earned wages and money, and by permanently impeding Plaintiff and Class Members from using their earned wages and money, which they have the exclusive rights to use.

71. As a result of Defendants' unlawful conduct, Plaintiff and Class Members are entitled to all damages, the value of all property, earned wages and money converted to

Defendants' possession and/or use, out of pocket costs, other incidental and consequential damages, costs of this action and interest as permitted by law.

72. Defendants violated New York common law against Plaintiff and Class Members by engaging in willful, wanton, and/or reckless conduct and/or conduct in conscious disregard of

73. Plaintiff's and Class Members' rights and Plaintiff and Class Members are therefore entitled to an award of punitive damages under New York law.

**SEVENTH CLAIM FOR RELIEF**
**UNJUST ENRICHMENT**

74. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

75. Defendants deprived Plaintiff and Class Members of their property, earned wages, and/or money, and which benefitted Defendants by unlawfully retaining Plaintiff's and Class Members' property, earned wages, and/or money, including, but not limited to, failing to remit earned wages or money due to Plaintiff and Class Members.

76. Plaintiff and Class Members have also performed work for the benefit of Defendants, at Defendants' behest. However, Defendants failed to compensate Plaintiff and Class Members in accordance with their agreed terms of employment.

77. Defendants retained Plaintiffs' and Class Members' property, earned wages, and/or money that Defendants were required to pay, remit and/or return to Plaintiff and Class Members for work that they performed.

78. Defendants were enriched at the expense of Plaintiff and Class Members, and it is against equity and good conscience to permit Defendants to retain what is sought to be recovered.

79. Due to Defendants' conduct in violation of New York common law, Plaintiff and Class Members are also entitled to costs of this action and interest as permitted by law.

80. Defendants violated New York common law against Plaintiff and Class Members by engaging in willful, wanton, and/or reckless conduct and/or conduct in conscious disregard of Plaintiff's and Class Members' rights and Plaintiff and Class Members are therefore entitled to an award of punitive damages under New York law.

**EIGHTH CLAIM FOR RELIEF**
**NYLL SPREAD OF HOURS**

81. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

82. Defendants willfully failed to pay Plaintiff and Class Members one additional hour's pay at the basic minimum wage rate before allowances for each day the spread of hours exceeded ten (10) in violation of in violation of N.Y.C.C.R. 12 § 146-1.6 and NYLL.

83. Plaintiff and Class Members are entitled to recover from Defendants spread of hours pay, plus interest, liquidated damages, reasonable attorneys' fees and the costs of this action.

**NINTH CLAIM FOR RELIEF**
**NYLL WAGE NOTICE**

84. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

85. Defendants failed to provide Plaintiff and Class Members upon hire with accurate written notice of their rate of pay and other information in violation of N.Y. Comp. Codes R. & Regs. 12 § 146-2.2 and NYLL § 195.

86. Plaintiff and Class Members are entitled to recover statutory damages from Defendants.

**TENTH CLAIM FOR RELIEF**
**NYLL WAGE STATEMENT**

87. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

88. Defendants failed to furnish Plaintiff and Class Members with an accurate statement of their wages with every payment of wages listing the regular hourly rate or rates of pay, the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked in violation of in violation of N.Y. Comp. Codes R. & Regs. 12 § 146-2.3 and NYLL § 195(3).

89. Plaintiff and Class Members are entitled to recover statutory damages from Defendants.

**JURY TRIAL DEMANDED**

90. Plaintiff requests a trial by jury.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the following relief:

(i) Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(ii) Designation of Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel;

(iii) Unpaid minimum wages, wrongfully withheld tips, spread of hours pay, liquidated damages, statutory damages and interest pursuant to NYLL § 198(1-a);

(iv) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under NYLL, Article 19, § 650 et seq., and the supporting New York State Department of Labor Regulations;

(v) Back pay and lost wages with interest, emotional distress damages, and punitive damages under on the First and Second Claims for relief;

(vi) All attorneys' fees and costs incurred in prosecuting these claims; and

(vii) Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
April 29, 2026

ROMERO LAW GROUP PLLC

By: */s/ Peter A. Romero*
________________________

Peter A. Romero, Esq.
490 Wheeler Road, Suite 250
Hauppauge, New York 11788
Tel. (631) 257-5588
promero@romerolawny.com

*Attorneys for Plaintiff*